UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER FOSTER,
Petitioner,

vs.

WARDEN, TOLEDO
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:15-cv-713

Beckwith, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Petitioner, an inmate at the Toledo Correctional Institution in Toledo, Ohio, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 without paying the filing fee or submitting an application for leave to proceed *in forma pauperis*. (*See* Doc. 1). On December 31, 2015, the undersigned issued a Deficiency Order directing the petitioner "to either pay the $5.00 filing fee or file a motion for leave to proceed without prepayment of fees within thirty (30) days of the date of this Order." (Doc. 2). In that Order, petitioner was also expressly advised that his failure to comply with the Deficiency Order "will result in the dismissal of the action for want of prosecution." (*Id.*). To date, although the 30-day deadline has passed, petitioner has yet to comply with the December 31, 2015 Deficiency Order.

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 2/10/16

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CHRISTOPHER FOSTER,
    Petitioner,

vs.

WARDEN, TOLEDO
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:15-cv-713

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc