IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

        Petitioner,    :    Case No. 1:15-cv-713

- vs -    District Judge Sandra S. Beckwith
    Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility[1],

        :

        Respondent.

## ORDER ON NON-DISPOSITIVE MOTIONS; REPORT AND RECOMMENDATION ON MOTION TO DISMISS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Respondent's Motion to Dismiss the Petition (ECF No. 11). Respondent asserts that the grounds for relief raised by Mr. Foster are either not cognizable in habeas corpus or are procedurally defaulted. Foster pleads the following grounds for relief:

> **GROUND ONE:** The State of Ohio/Warden is in violation of The-XIV-Amendment of the United States Constitution.
>
> **Supporting Facts:** As of 1868, no state shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of laws. False imprisonment is to be predicated prima face here.
>
> **GROUND TWO:** The State of Ohio/Warden violated the Fourth (IV) Amendment of the Federal Constitution.
>
> **Supporting Facts:** The State of Ohio/Warden, detains me without lawful privilege to do so. The law is clear stating the right of the

---

[1] Mr. Erdos is the Warden at SOCF where Petitioner is confined. He is hereby substituted as the Respondent in this case and the caption is ordered amended as set forth above.

1

> people to be secure in their persons, papers, effects, etc. against unreasonable search and seizures, shall not be violated and no warrants shall issue but upon probable cause, supported by "oath or affirmation" describing the person to be seized etc. (emphasis added). There are no affidavits properly sworn for count 2 or 3 of this conviction and count 1 was dismissed. Also no warrants signatured [sic].
>
> **GROUND THREE:** The State Of Ohio/Warden is in violation of treaties and international law concerning the Petitioner's detention.
>
> **Supporting Facts:** The United States is a member of the O.A.S. and is bound by the Declaration on the Rights and Duties of Man; The Covenant Against Torture and Other Cruel Inhumane or Degrading Treatment or Punishment; The International Covenant on Political Rights; to detain me erroneously pursuant a "nunc pro tunc" sentencing entry is unauthorized, on top of the denial of adequate legal counsel.
>
> **GROUND FOUR:** The State Of Ohio/Warden have a lack of subject matter jurisdiction and jurisdiction to convict or detain me For Felonious assault.
>
> **Supporting Facts:** Mr. Foster, (I), was not afforded my general, provisions of equal application due process rights, and the result is that all of my rights were waived; laws were exceeded to the fullest extent by the State and I remain unlawfully restrained at this time upon determination of the State/Warden – of Ohio.

(Petition, ECF No. 1.)

Petitioner responded with a Motion to Strike the Motion to Dismiss under Fed. R. Civ. P. 12(f) (ECF No. 19). The major point of this Motion to Strike is that "the biggest issue is clear that the Hamilton County Court of Common Pleas 'retroactively' issued a nun pro tunc sentencing entry reflecting I was found guilty (rather than plead guilty) contrary to the 2012 and 2013 judgments of conviction." *Id.* at PageID 981, 985. This issue is not pleaded in the Petition and raises only an issue of Ohio law. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida*,

463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Motion to Strike (ECF No. 19) is DENIED. To the extent the Motion contains a request for an evidentiary hearing, the Court is prohibited from considering evidence outside the state court record submitted at such a hearing. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

On June 10, 2016, Mr. Foster filed a "Motion Amending Summary Judgment for Default and Default Judgment on Respondent" (ECF No. 20). In that document Foster again claims the real issue in the case is the purported retroactivity of the judgment of conviction on which he is being held (See PageID 990). For the reasons already given, that Motion is DENIED.

Petitioner's most recent filing is captioned "Motion and Memorandum Recovered for Applicability of the Rules in General to Burden Respondent after Interception" (ECF No. 38). To some extent, the document complains about the conditions in which Petitioner is confined. To the extent those conditions rise to the level of being unconstitutional, they can only be pursued in a separate civil rights action under 42 U.S.C. § 1983 and not in habeas corpus. To the extent this Motion speaks to Mr. Foster's claims, it again argues he is confined on a facially invalid judgment. As noted above, this is a matter of state law and is not cognizable in federal habeas corpus. The Motion and Memorandum Recovered (ECF No. 38) is DENIED.

In all of the filings he has made since the Motion to Dismiss was filed, Petitioner has not responded to the substance of that Motion, so the Court considers the Motion as presented by the Respondent.

Ground One basically states the truism that the Fourteenth Amendment, adopted in 1868,

forbids the States to deprive any person of life, liberty, or property without due process of law and requires them to provide residents with equal protection of the laws. Petitioner is certainly correct that unconstitutional imprisonment is forbidden by the Fourteenth Amendment, but he says nothing in this Ground for Relief about why his imprisonment is unconstitutional.

Ground Two on its face raises a claim under the Fourth Amendment. As the Warden points out, Fourth Amendment claims are not cognizable in habeas corpus if the petitioner was given a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. *Stone v. Powell*, 428 U.S. 465 (1976). This Court cannot understand what Mr. Foster's Fourth Amendment claim is. If he is alleging, as the Warden seems to think, that he was prosecuted on improper charging documents from the Hamilton County Municipal Court, those documents become completely irrelevant once a defendant is indicted by the grand jury and tried in Common Pleas Court.

Ground Three claims Foster is being detained in violation of various international agreements of the United States with foreign governments. As the Motion to Dismiss points out in great detail, none of those documents creates an enforceable right in habeas corpus.

Ground Four asserts the Warden has no subject matter jurisdiction to detain him for felonious assault. In Ohio, the Common Pleas Courts are courts of general jurisdiction and in particular have jurisdiction to try indicted charges of felonious assault. The state court record plainly shows Mr. Foster was tried by a court with subject matter jurisdiction and is confined on a judgment of that court.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Dismiss be GRANTED and this case be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 17, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).