# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 1:15-cv-713<br>Consolidated with Case No. 1:16-cv-846 |
| - vs - | | | District Judge Michael R. Barrett<br>Magistrate Judge Michael R. Merz |
| RONALD ERDOS, WARDEN,<br>  Southern Ohio Correctional Facility, | | : | |
| | Respondent. | | |

# REPORT AND RECOMMENDATION ON MOTION TO DISMISS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Respondent's Motion to Dismiss the Petition (ECF No.52). The Motion was filed January 17, 2017 in Case No. 1-16-cv-846 and the docket number changed when the cases were consolidated.

Under S. D. Ohio Civ. R. 7.2, Petitioner has twenty-four days to file a memorandum in opposition or until February 10, 2017. As of the date of this Report, he has not filed anything in opposition.

> **GROUND ONE:** Double Jeopardy Clause
>
> **Supporting Facts:** Problems of Double Jeopardy arise when the court acts on its own motion. Wouldn't it be a strange rule which deprived a judge of power to do what was asked when request was made by the person most concerned, and yet allowed him to act without petition. If a condition of the power is that request for its exercise be not made, serious constitutional issues would be raised. For it is such actions which obviate any later objection the defendant might make on the ground of double jeopardy.
>
> **GROUND TWO:** Unlawful Restraint by Retroactivity.

1

**Supporting Facts:** A direct appeal was filed after a remand for resentencing was held in the trial court in 2013. 23 months later than the resentencing directly appealed and denied, the judgment of conviction on its third entry was finalized retroactively without lawful authority of a court to do so.

**GROUND THREE:** Ex-Post Facto Clause Violation.

**Supporting Facts:** Due process . . . does not countenance an unforeseeable and retroactive judicial expansion of narrow and precise statutory language. The Ex Post Facto Clause limits the powers of the legislature and does not of its own force apply to judicial decision making. The judgment of conviction change affected my substantial personal rights and not just modes of procedure which do not affect matters of substance.

**GROUND FOUR:** 5th Constitutional Amendment of the United States in violation.

**Supporting Facts:** No person shall be subject for the same offence to be twice put in jeopardy of life or limb; Nor shall be compelled in any criminal case to be a witness against himself nor be deprived of life, liberty or property without due process of law.

(Quoted at Motion, ECF No. 52, PageID 1470-71).

Respondent's Motion analyzes these four Grounds for Relief as all raising the same claim, to wit, that it was error for the Common Pleas Court to correct the judgment entry to reflect that Mr. Foster was convicted by a jury.  Petitioner has not contested that reading.

When the Grounds for Relief are read in that way, they are plainly not cognizable in federal habeas corpus.  The federal writ lies only to correct errors of federal constitutional law. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*,

502 U.S. 62, 67-68 (1991). As respondent points out, Ohio law permits correction of a criminal judgment entry in this way. *State v. Lester*, 130 Ohio St. 3d 303, 309, 2011-Ohio-5204, ¶ 16 (2011). Nothing in the federal Constitution prohibits a State from adopting this procedural rule. Therefore Petitioner's four Grounds for Relief fail to state a claim upon which federal habeas corpus relief can be granted.

Moreover, as Respondent again points out, Mr. Foster admits in the Petition that he never raised these claims in the Ohio courts. Failure to present claims in the state courts constitutes a procedural default which bars those claims from being later presented to a habeas court. Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted)

**Conclusion**

Because his Petition fails to state a claim on which federal habeas corpus relief can be granted and his claims are otherwise procedurally defaulted, it is respectfully recommended that the Petition be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore

should not be permitted to proceed *in forma pauperis*.

March 10, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).