## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Christopher Foster,

      Petitioner,

                                       Case No.: 1:15-cv-713

v.

                                       Judge Michael R. Barrett

Warden, Toledo Correctional Institution,

      Respondent.

### <u>ORDER</u>

This matter is before the Court on the Magistrate Judge's November 17, 2016 Report and Recommendation ("R&R") on Motion to Dismiss (Doc. 41); March 10, 2017 R&R on Motion to Dismiss (Doc. 61); and May 10, 2017 R&R on Motion for Judgment (Doc. 72).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections to the R&Rs. (Docs. 42, 62, 63, 69, 71, 75, 77). Respondent filed a Response to the objections related to the Motion to Dismiss. (Doc. 64).

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## I.   BACKGROUND

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254.  The Magistrate Judge explained that the grounds Petitioner sets forth for habeas relief center on a nunc pro tunc sentencing entry made by the Hamilton County Court of Common Pleas.[1]

This nunc pro tunc sentencing entry came about in the following manner. Petitioner was convicted by a jury of having weapons while under a disability and felonious assault with attached firearm specifications.  On June 6, 2012, the Hamilton County Court of Common Pleas sentenced Petitioner to consecutive terms of incarceration for a total of twenty years.  (Doc. 10, Exh. 7, PageID # 57).  As part of Petitioner's direct appeal, the First District Court of Appeals remanded the case to the Court of Common Pleas to consider whether the imposition of consecutive sentences was warranted, and if so, to make the necessary statutory findings before imposing consecutive sentences.  (Id., Exh. 12, PageID # 94-95).  On August 21, 2013, the Court of Common Pleas made the necessary findings and re-imposed the same twenty-year aggregate sentence.  (Id., Exh. 17, PageID # 112).  On July 2, 2015, the Court of Common Pleas issued a nunc pro tunc sentencing entry reflecting that Petitioner had been found guilty by a jury, but also clarifying that in addition to the five years of post-release control as to Count Three, Petitioner was also sentenced to three years of post-release control as to Count Two.  (Id., Exh. 18, PageID # 115).

---

[1]Petitioner did set forth other grounds for relief, however he seems to have abandoned those claims because his objections are limited to the issue of the nun pro tunc sentencing entry.

Petitioner claims that it was error for the Court of Common Pleas to correct the judgment entry without a hearing where he was physically present.  Petitioner argues that imposing three years of post-control release resulted in an imposition of a new sentence.

Respondent maintains that Petitioner's grounds for relief are not cognizable in habeas corpus, or are procedurally defaulted.  Respondent moved to dismiss the petition in Case No. 15cv713 before it was consolidated with Case No. 16cv846.  (Doc. 11).  Respondent also filed a motion to dismiss in Case No. 16cv846.  (Doc. 52).  The Magistrate Judge recommends granting these motions.

Petitioner has filed a Supplemental Motion for Judgment (Doc. 71) based on safety concerns of necessity.  The Magistrate Judge recommends denying Petitioner's Motion.

**II.  ANALYSIS**

**B.  Motions to Dismiss**

The Magistrate Judge concluded that Petitioner's claims for relief are not cognizable in habeas corpus, or are procedurally defaulted.  In his objections, Petitioner does not dispute that he did not present his claim based on the nunc pro tunc sentencing entry to the state courts.  Petitioner explains that he did not have an opportunity to raise this issue in his direct appeal in the state court because the judgment did not exist until after all of his state proceedings were complete.

"[A] petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures." *Carter v. Mitchell*, 693 F.3d 555, 563 (6th Cir. 2012) (quoting *Williams v. Anderson*, 460

F.3d 789, 806 (6th Cir. 2006)).   A petitioner may overcome procedural default by showing "cause" and "prejudice" for his or her failure to comply with the state's procedural rule.  *Id.* at 564 (citing *Ege v. Yukins*, 485 F.3d 364, 378 (6th Cir. 2007)).

However, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits."  *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997) ("Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.")).

Here, the Magistrate Judge overlooked the procedural default issue and determined that Petitioner's claims are not cognizable in habeas corpus because the claim raised by Petitioner is an issue of Ohio law.

The Supreme Court has made it clear that "federal habeas corpus relief does not lie for errors of state law."  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990)).  Instead, "in conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id.* (citing 28 U.S.C. § 2241).

Petitioner argues that pursuant to Ohio Revised Code § 2929.191(C)[2] and Ohio Criminal Rule 43,[3] the Court of Common Pleas was required to hold a hearing with him

---

[2]It would appear that Ohio Revised Code § 2929.191 does not apply to Petitioner. Section 2929.191 applies if, prior to July 11, 2006, a court imposed a sentence including a prison term and failed to notify the offender regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of post-release control. Petitioner was first sentenced on June 6, 2012.

physically present before correcting the judgment entry. Petitioner argues that the failure to provide him with a hearing violated his right to due process under the United States Constitution.

The Supreme Court has held that a defendant has a due process right to be present "'whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge'" and when "'a fair and just hearing would be thwarted by his absence.'" *Kentucky v. Stincer*, 482 U.S. 730, 745, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987) (quoting *Snyder v. Massachusetts*, 291 U.S. 97, 105-106, 54 S.Ct. 330, 78 L.Ed. 674 (1934)).

In *Floyd v. Alexander*, the petitioner was mistakenly sentenced to concurrent terms of imprisonment and the trial court later changed his sentence to consecutive terms without the petitioner being present. 148 F.3d 615, 617 (6th Cir. 1998). The Sixth Circuit recognized that "Ohio Criminal Rule 43 requires the defendant's presence at any sentencing, including situations where the original sentence was amended or modified." *Id.* (citing *State v. Ranieri*, 84 Ohio App.3d 432, 434, 616 N.E.2d 1191, 1192 (Ohio Ct. App. 1992)). However, as the Sixth Circuit explained:

> while the trial court may have violated Ohio Criminal Rule 43 in entering the nunc pro tunc order changing Floyd's sentence from concurrent to consecutive sentences in his absence, this error does not rise to a "fundamental miscarriage of justice" or constitute a violation of procedural due process of law. Floyd has alleged a violation of a state law that is not cognizable in a federal habeas corpus proceeding.

*Id.* at 618-19; *see also Brister v. Kelly*, No. 2:14-CV-2024, 2015 WL 7076607, at *5 (S.D. Ohio Nov. 13, 2015), report and recommendation adopted, No. 2:14-CV-2024,

---

[3]Ohio Criminal Rule 43 requires a criminal defendant's presence "at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules." Ohio Crim. R. 43(A).

2015 WL 8485262 (S.D. Ohio Dec. 9, 2015) ("Petitioner had no constitutional right to be present because the issuance of the nunc pro tunc judgment entry does not constitute a critical stage of the criminal proceedings.") (and collecting cases).  While it may have been a violation of Ohio Criminal Rule 43 by the Court of Common Pleas to enter the nunc pro tunc order clarifying that in addition to the five years of post-release control as to Count Three, Petitioner was also sentenced to three years of post-release control as to Count Two in his absence, this error does not rise to a constitutional violation.

Moreover, as Respondent has pointed out, Petitioner's sentence has not changed.  Under Ohio Revised Code § 2967.28: "If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other."  Therefore, Petitioner will only be subject to five years of post-release control.

Because Petitioner has alleged an error of state law, the Court finds no error in the Magistrate Judge's conclusion that Petitioner's grounds for relief are not cognizable in habeas corpus.

### C. **Motion for Judgment**

The Magistrate Judge explained that in his Motion for Judgment, Petitioner claims that he is entitled to immediate relief under *Lynce v. Mathis*, 519 U.S. 433 (1997). However, as the Magistrate Judge explained, Petitioner had not made an ex post facto claim.  Petitioner objects to the denial of his Motion on various grounds.

To the extent that Petitioner raises same arguments regarding the nunc pro tunc entry in his objections, those objections have been addressed above.

Petitioner also maintains that he has been severely, physically and mentally attacked by prison staff.  (Doc. 75, PageID #1551-1552).  Petitioner has made these allegations elsewhere.  However, as the Magistrate Judge explained, to the extent that Petitioner is arguing that prison conditions rise to the level of a constitutional violation, he must raise those claims in a separate civil rights action under 42 U.S.C. § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody").

Therefore, the Court finds no error in the Magistrate Judge's conclusion that Petitioner's Motion for Judgment should be denied.

### III. <u>CONCLUSION</u>

Based on the foregoing, the Magistrate Judge's November 17, 2016 R&R on Motion to Dismiss (Doc. 41); March 10, 2017 R&R on Motion to Dismiss (Doc. 61); and May 10, 2017 R&R on Motion for Judgment (Doc. 72) are **ADOPTED**.  Accordingly, it is hereby **ORDERED** that:

1. Respondent's Motions to Dismiss (Docs. 11, 52) are **GRANTED**;

    a. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED with PREJUDICE;

2. Petitioner's Motion for Judgment (Doc. 71) is **DENIED**;

3. When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, a

petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Because Petitioner has not made the requisite showing, Petitioner is **DENIED** a certificate of appealability;

4.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Order would not be taken in good faith and Petitioner is **DENIED** leave to appeal in forma pauperis upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

5.  This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

        *    /s/ Michael R. Barrett    *
        JUDGE MICHAEL R. BARRETT