# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

              Petitioner,    :    Case No. 1:15-cv-713

  - vs -                                District Judge Michael R. Barrett
                                      Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

                             :

              Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's "Motion for Relief from an Order (ECF No. 81) Filed Based on Excusable Neglect and Inadvertence to the Merits" (ECF No. 83). Foster brings the Motion pursuant to Fed. R. Civ. P. 60(b)(1) and (6)[1]. Since the Motion was filed after judgment was entered, it is deemed referred to the Magistrate Judge for report and recommendations under Fed. R. Civ. P. 72(b)(3).

The Order from which relief is sought is Judge Barrett's Order of July 24, 2017, adopting three Magistrate Judg4e Reports and Recommendations (ECF Nos. 41, 61, & 71) and dismissing the case with prejudice (ECF No. 81).

Fed. R. Civ. P. 60 provides in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

---

[1] He also mentions Fed. R. Civ. P. 11(b), but that rule provides no authority for modifying a judgment.

1

> (1) mistake, inadvertence, surprise, or excusable neglect; . . .
>
> (6) any other reason that justifies relief.

Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002). Foster claims the Court "inadvertently omitted all Eight Grounds of the two consolidated habeas corpus filings in this matter. . ." However, nothing in habeas corpus jurisprudence requires any particular form of ruling on a Magistrate Judge's reports and recommendations. Here the Magistrate Judge concluded all of Petitioner's claims were either not cognizable in habeas or were procedurally defaulted and the District Judge adopted that conclusion on de novo review. This is particularly true of Petitioner's claim about the nunc pro tunc sentencing entry. Its invalidity is again argued in this Motion as a matter of state law, but errors of state law are not cognizable in habeas corpus. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). To put it more bluntly, nothing in the United States Constitution forbids the use of a nunc pro tunc entry in state court to correct an error.

The Order complained of dealt with all the issues raised by Petitioner. Because there were

adequate procedural defenses, it was not necessary to discuss the merits of Petitioner's claims any further than was done. Petitioner has not shown any error of law by the Court in entering the Order.

It is therefore respectfully recommended that the Motion be DENIED.

August 14, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).