# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Christopher Foster,

    Petitioner,

v.

Warden, Toledo Correctional Institution,

    Respondent.

Case No.: 1:15-cv-713

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court on the Magistrate Judge's August 14, 2017 Report and Recommendation ("R&R") that Petitioner's "Motion for Relief from an Order (Doc. 81) Filed Based on Excusable Neglect and Inadvertence to the Merits" be denied. (Doc. 85).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 86, 87). In addition, Petitioner filed a Notice entitled "Good Faith Thank You to the Court." (Doc. 93).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the

magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. On July 24, 2017, this Court adopting the Magistrate Judge's R&Rs and dismissed Petitioner's case with prejudice. Petitioner brings his current motion pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), which provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner's arguments center primarily on Petitioner's claim that his sentence is unconstitutional because the state court entered an order nunc pro tunc which altered his sentence. However, as this Court previously ruled in its July 24, 2017 Order (Doc. 81), Petitioner's claim is an alleged violation of state law which does not rise to the level of a constitutional violation. *Accord Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998) ("while the trial court may have violated Ohio Criminal Rule 43 in entering the nunc pro tunc order changing Floyd's sentence from concurrent to consecutive sentences in his absence, this error does not rise to a 'fundamental miscarriage of justice' or constitute a violation of procedural due process of law. Floyd has alleged a

violation of a state law that is not cognizable in a federal habeas corpus proceeding."). In his Notice, Petitioner raises the case of *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016). However, the issue in *Crangle* was whether the entry of a nunc pro tunc order that imposed post-release control was a new sentence that resets the limitations clock under § 2244(d)(1)(A). *Id.* at 677. The timeliness of Petitioner's claim is not at issue in this case. Instead, the question is whether Petitioner has set forth grounds for relief which are cognizable in habeas corpus. Therefore, it was not error for the Magistrate Judge to conclude that Petitioner was not entitled to relief pursuant to Rule 60(b).

Based on the foregoing, the Magistrate Judge's August 14, 2017 R&R (Doc. 85) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's "Motion for Relief from an Order (Doc. 81) Filed Based on Excusable Neglect and Inadvertence to the Merits" (Doc. 85) is **DENIED**; and

2. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                               JUDGE MICHAEL R. BARRETT