# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

            Petitioner,      :      Case No. 1:15-cv-713

  - vs -                           District Judge Michael R. Barrett
                                Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

                               :

            Respondent.

# REPORT AND RECOMMENDATIONS ON MOTIONS FOR RECONSIDERATION

This habeas corpus case is before the Court on Petitioner's Good Faith Request to Court (ECF No. 95) and Motion for Reconsideration of the Subject Matter Jurisdiction (ECF No. 96).

Petitioner requests that there not be any more reports and recommendations in his case (ECF No. 95, PageID 1669). But Judge Barrett already entered final judgment in the case (ECF No. 81, 82). These two motions are therefore post-judgment motions which are deemed referred to an assigned Magistrate Judge under Fed. R. Civ. P. 72(b)(3) and require a report and recommendations.

These Motions were filed too late to be considered under Fed. R. Civ. P. 59(e) as a motion to alter the judgment and therefore must be considered as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(1). This is the same basis on which the Court considered Foster's prior Motion for Relief from an Order (ECF No. 81).

Fed. R. Civ. P. 60(b) (1) provides "[o]n motion and upon such terms as are just, the court

1

may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons (1) mistake, inadvertence, surprise, or excusable neglect;" Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).In order to be eligible for relief under 60(b)(1) the movant must demonstrate the following: (1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he has a meritorious claim or defense. *Marshall v. Monroe & Sons, Inc.,* 615 F.2d 1156, 1160 (6th Cir. 1980), *citing Ben Sager Chemicals International, Inc. v. E. Targosz & Co.*, 560 F.2d 805, 808 (7th Cir. 1977); *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *Central Operating Company v. Utility Workers of America*, 491 F.2d 245 (4th Cir. 1973). Determinations made pursuant to Fed. R. Civ. P. 60(b) are within the sound discretion of the court and will not be disturbed on appeal unless the court has abused its discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012); *H. K. Porter Co., Inc. v. Goodyear Tire and Rubber Co.,* 536 F.2d 1115, 1119 (6th Cir. 1976); *Smith v. Kincaid*, 249 F.2d 243, 245 (6th Cir. 1957).

In the first Motion (ECF No. 95), Foster asserts the judgment on which he is confined, a 2013 nunc pro tunc Entry (State Court Record, ECF No. 10, PageID 110-18), was somehow beyond the subject matter jurisdiction of the Common Pleas Court to enter. Examination of the record shows that Entry was made pursuant to remand from the First District Court of Appeals. That court found

> Foster is correct, however, that the trial court erred when it failed to make the necessary findings under [Ohio Revised Code] § 2929.14(C)(4) before imposing consecutive terms of incarceration.
>
> * * *

> In sum, we vacate the consecutive terms of incarceration imposed in this case. This cause is remanded to the trial court for it to consider whether the imposition of consecutive sentences is warranted under R.C. 2929.14(C), and, if so, to make the appropriate findings. In all other respects, including the individual terms of incarceration imposed on each count, the trial court's judgment is affirmed.

*State v. Foster*, Case No. C-120411 (1st Dist. June 12, 2013)(unreported; copy at State Court Record, ECF No. 10, PageID 93-95). The Entry makes an order about service of the prison terms consecutively and also memorializes a post-release control term of five years as a mandatory term of sentence. However, the original judgment in the case also memorializes a mandatory five-year term of post-release control (State Court Record, ECF No. 10, PageID 59). Any claimed error regarding post-release control in this first judgment entry was not raised on direct appeal.

Foster argues that because this new nunc pro tunc entry imposes a "worse-than-before" sentence, it somehow runs afoul of *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), which holds a new judgment, at least if it imposes a worse than before sentence by imposing post-release control in lieu of parole, resets the statute of limitations clock. 838 F.3d at 677, followed in *Brown v. Harris*, 2018 U.S. Dist. LEXIS 31483 (S.D. Ohio Feb. 27, 2018). *Crangle* is irrelevant to Foster's claims, none of which were held barred by the statute of limitations. Moreover, mandatory post-release control has always been a part of Foster's sentence in this case.

Contrary to Foster's assertion, the United States Constitution does not forbid use of a nunc pro tunc entry to correct an Ohio felony sentence to impose a mandatory term of post-release control. Foster is correct in arguing that the nunc pro tunc entry constitutes a new judgment which would take the instant case outside the prohibition on second or successive habeas petitions if Foster had a prior habeas application. *Magwood v. Patterson*, 561 U.S. 320 (2010); *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015); *In re Stansell*, 828 F.3d 412 (6th Cir. 2016). But

nothing this Court has done in this case categorized the case as second or successive and therefore subject to 28 U.S.C. § 2244(b). *Stansell* holds that a new judgment such as the nunc pro tunc entry resets the statute of limitations, but this Court has never held Foster's claims are barred by the statute of limitations.

Foster argues that the amendment of his judgment of conviction violates the Double Jeopardy Clause (Motion, ECF No. 95, PageID 1670). Foster made no such claim in his Petition, so the Court's judgment cannot be in error for failing to consider that claim. Moreover, the claim is without merit. No court has held that correction of an omission to recite reasons for imposing consecutive sentences, corrected on remand on direct appeal, somehow violates the Double Jeopardy Clause. Foster cites *United States v. Kyles*, 601 F.3d 78 (2nd Cir. 2010), but that is not the holding in Kyle; instead, the Second Circuit found that permitting the Bureau of Prisons to amend a restitution schedule was an impermissible delegation of judicial power to an administrative agency. Nothing of the kind is involved here; Judge Kubicki was at the time a judge of the Hamilton County Court of Common Pleas and not an agent of the Ohio Department of Corrections, the Ohio state analogue to the federal Bureau of Prisons.

The balance of Foster's first Motion is devoted to cataloguing the ways in which he claims his conditions of confinement at the Southern Ohio Correctional Facility are unconstitutional. As the Court has previously advised him, conditions of confinement claims must be brought in a separate civil rights action under 42 U.S.C. § 1983. A habeas court is limited to considering whether the judgment on which a prisoner is confined is constitutional.

In his second Motion, Foster requests reconsideration of his subject matter jurisdiction claim (ECF No. 96, PageID 1690). He now says *Crangle, supra*, is not the case he intends to rely on, but *Kusay v. United States*, 62 F.3d 192 (7th Cir. 1995). In that case, a district court had held

4

a hearing on a § 2255 motion collaterally attacking Kusay's conviction but before the mandate had issued to return jurisdiction to the district court. To avoid a jurisdictional conflict between the two courts, the Government had suggested that the court of appeals issue its mandate nunc pro tunc to a date before the district court acted. Declining that suggestion, the Seventh Circuit held

> This suggestion betrays lack of understanding not only of the office of *nunc pro tunc* orders but also of this court's recent cases, which have disparaged efforts to use such orders to rewrite history. "This phrase--literally 'now for then'--refers to situations in which the court's records do not accurately reflect its actions. When the error comes to light, the court corrects the file to show what actually happened." *In re Singson,* 41 F.3d 316, 318 (7th Cir. 1994). The power to correct erroneous records does not imply ability to revise the substance of what transpired or to back-date events. See *In re Jarvis,* 53 F.3d 416, 418-19 n.2 (1st Cir. 1995); *King v. Ionization International, Inc.,* 825 F.2d 1180, 1188 (7th Cir. 1987); *United States v. Taylor,* 841 F.2d 1300, 1305 (7th Cir. 1988). Cf. *United States v. Caswell,* 36 F.3d 29, 31 (7th Cir. 1994). The United States does not ask us to correct records to show what happened; it wants us to change history. Incantation of Latin phrases does not bestow such an Orwellian power. We must decide whether the district judge had jurisdiction given the state of affairs when it acted.

62 F.3d at 193.

*Kusay* deals with (1) when it is proper to use a nunc pro tunc entry in the federal court system and (2) the rule that a federal district court may not act on a case while it is on appeal. Neither of those rules is expressed as a rule of federal constitutional law. The state courts are free to vary from those practices as they see fit without offending the federal Constitution. Here Foster's case was remanded to the Hamilton County Court of Common Pleas to correct an error, so there was no exercise of trial and appellate jurisdiction over the same case at the same time. It is correct that the new judgment entry does not fit the definition of a nunc pro tunc entry given in *Kusay*, but that definition is not constitutionally mandated. Even if *Kusay* were a constitutional

5

decision, it is obviously not a decision of the United States Supreme Court, and only that Court's decisions clearly establish federal law for habeas corpus purposes. See 28 U.S.C. § 2254(d).

**Conclusion**

Foster's two Motions for reconsideration do not persuade the Magistrate Judge that this Court's judgment is in error. It is therefore respectfully recommended that they be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 16, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).