# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

              Petitioner,      :      Case No. 1:15-cv-713
                                                      Consolidated with 1:16-cv-846

   - vs -                              District Judge Michael R. Barrett
                                                      Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
 Southern Ohio Correctional Facility,
                                              :

              Respondent.

## REPORT AND RECOMMENDATIONS

These consolidated habeas corpus cases are before the Court on Petitioner's "Motion or Advisory to the Court on New *Crangle* Holdings for Clarification." (ECF No. 104).

In the Motion, Foster asserts that the "Court has been using 'West Law key number system" which cites an erroneous interpretation of *Crangle v. Kelly*," 838 F.3d 673 (6th Cir. 2016). Foster advises the Court that he has cited what he refers to as *Crangle*'s second holding, to wit, "The *nunc pro tunc* sentencing order was [only] a new judgment because it changed the substance of the inmate's sentence." As is evident from Foster's use of the brackets, the word "only" is his interpolation into the report of the *Crangle* decision. Moreover, the "holding" which he quotes is an editorial summary by the West editors, not something identified as a holding by the Court of Appeals.

In recommending that Foster's two previous motions for reconsideration be denied, the Magistrate Judge wrote: "*Crangle* is irrelevant to Foster's claims, none of which were held barred

1

by the statute of limitations." (Report, ECF No. 97, PageID 1699). In interpreting Crangle in that Report, the Magistrate Judge did not in any way use the West Key Number system.

As best the Magistrate Judge understands Foster's Motion, it is that this "second holding" in *Crangle* somehow supports his claim that the 2013 *nunc pro tunc* termination entry in his case violates the Ex Post Facto Clause of the United States Constitution as interpreted in *Lynce v. Mathis*, 510 U.S. 433 (1997). In that case, the Supreme Court held that a state statute reducing early release credits in Florida and resulting in petitioner's return to custody after his release violated the Ex Post Facto Clause.

As the Magistrate Judge has previously written, although the *nunc pro tunc* entry

> memorializes a post-release control term of five years as a mandatory term of sentence. However, the original judgment in the case also memorializes a mandatory five-year term of post-release control (State Court Record, ECF No. 10, PageID 59). Any claimed error regarding post-release control in this first judgment entry was not raised on direct appeal.

(Report, ECF No. 97, PageID 1699). *Crangle* does not speak to the Ex Post Facto Clause at all. Nor does *Lynce* have any application because with respect to post-release control, the *nunc pro tunc* termination entry does not impose on Foster a worse than before sentence.

Construed as a motion for relief from judgment, Foster's Motion fails to show any error in the Court's prior judgment in this case and should therefore be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 15, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).