# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Christopher Foster,

  Petitioner,

v.

Warden, Toledo Correctional Institution,

  Respondent.

Case No.: 1:15-cv-713

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's March 16, 2018 and May 15, 2018 Report and Recommendations ("R&Rs"). (Docs. 97, 105).

In the Magistrate Judge's March 16, 2018 R&R, the Magistrate Judge recommends denying Petitioner's Good Faith Request to Court and Motion for Reconsideration of the Subject Matter Jurisdiction. (Doc. 97). In the May 15, 2018 R&R, the Magistrate Judge recommends denying Petitioner's "Motion of Advisory to the Court on New *Crangle* Holdings for Clarification." (Doc. 105).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections to the R&R May 15, 2018 R&R. (Doc. 106). While Petitioner's objections to the March 16, 2018 R&R were not timely filed, the Magistrate Judge granted Petitioner's Motion for the Court to Consider Foster's Objections filed in April on M.J.'s R&R. (See Docs. 102, 103). Petitioner then filed additional objections (Doc. 113) to the Magistrate Judge's March

16, 2018 and May 15, 2018 R&Rs.  These objections were not timely, but the Court will nevertheless consider the objections.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner claims that his sentence is unconstitutional because the state court entered an order nunc pro tunc which altered his sentence.  The Magistrate Judge recommended granting Respondent's Motion to Dismiss; and denying Petitioner's Motion for Judgment on the Pleadings.  (Docs. 41, 61, 72).  The Magistrate Judge concluded that Petitioner's claims for relief are not cognizable in habeas corpus, or are procedurally defaulted.  On July 24, 2017, this Court adopted the Magistrate Judge's R&Rs, and dismissed Petitioner's case with prejudice.  (Doc. 81).

As this Court ruled in adopting the R&Rs (Doc. 81), Petitioner's claim is an alleged violation of state law which does not rise to the level of a constitutional violation. The issuance of the nunc pro tunc judgment entry does not constitute a critical stage of the criminal proceedings.  *Brister v. Kelly*, No. 2:14-CV-2024, 2015 WL 7076607, at *5 (S.D. Ohio Nov. 13, 2015), report and recommendation adopted, No. 2:14-CV-2024, 2015 WL 8485262 (S.D. Ohio Dec. 9, 2015).  Even though Ohio Criminal Rule 43 requires a criminal defendant's presence "at the arraignment and every stage of the trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence," the Sixth Circuit explained in *Floyd v. Alexander*:

> while the trial court may have violated Ohio Criminal Rule 43 in entering the nunc pro tunc order changing Floyd's sentence from concurrent to consecutive sentences in his absence, this error does not rise to a 'fundamental miscarriage of justice' or constitute a violation of procedural due process of law.  Floyd has alleged a violation of a state law that is not cognizable in a federal habeas corpus proceeding.

2

148 F.3d 615, 619 (6th Cir. 1998).  Because Petitioner has alleged an error of state law, this Court dismissed Petitioner's claims.

Petitioner questioned this conclusion in his Good Faith Request to Court (Doc. 95) and Motion for Reconsideration of the Subject Matter Jurisdiction (Doc. 96).  The Magistrate Judge analyzed these motions as being brought under Federal Rule of Civil Procedure 60(b); and recommended that the motions should be denied.  (Doc. 105). The Magistrate Judge applied the same analysis to Petitioner's Motion of Advisory to the Court on New *Crangle* Holdings for Clarification; and recommended that the Motion be denied.  (Doc. 105)

In his objections, his Good Faith Request to Court and Motion for Reconsideration of the Subject Matter Jurisdiction and his Motion of Advisory to the Court on New *Crangle* Holdings for Clarification, Petitioner relies upon the case of *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016).  However, the issue in *Crangle* was whether the entry of a nunc pro tunc order that imposed post-release control was a new sentence that resets the limitations clock under 28 U.S.C. § 2244(d)(1)(A).  *Id.* at 677. The timeliness of Petitioner's claim is not at issue in this case.  Instead, the question is whether Petitioner has set forth grounds for relief which are cognizable in habeas corpus.

Petitioner maintains that there is a "second holding" in *Crangle*, which is that Crangle was subject to a new sentence because the nunc pro tunc order was a "substance change."  Petitioner presumably relies on this explanation by the Sixth Circuit in *Crangle*:

> At sentencing, the trial court told Crangle that he would not be subject to post-release control and entered judgment accordingly.  The later nunc

3

> pro tunc order walked back the trial court's statement, imposed post-release control, and reworded Crangle's sentence. That is not merely the correction of a clerical error. No matter the label, the November 2010 order changed the substance of his sentence—and thus amounted to a new judgment.

838 F.3d at 680. Petitioner argues that the nunc pro tunc entry by the Hamilton County Court of Common Pleas in his case was a similar "substance change" and "trigger[s] [the] Due Process Clause, Ex Post Facto Clause, and the attachment of Jeopardy Protections of Finality and Repose in Judgment of Convictions." (Doc. 106, PageID # 1755).

However, the imposition of post-release control in Petitioner's case is distinguishable from what occurred in *Crangle*. In a subsequent decision, the Sixth Circuit has explained that "*Crangle* noted an important caveat in cases involving limited resentencing – only 'a new, worse-than-before sentence . . . amounts to a new judgment.'" *Cortez v. Warden Chillicothe Correctional Institution*, 2018 WL 2382456, *2 (6th Cir. Feb. 16, 2018) (quoting *Crangle*, 838 F.3d at 678). In Petitioner's case, the Court of Common Pleas issued a nunc pro tunc sentencing entry reflecting that Petitioner had been found guilty by a jury, but also clarifying that in addition to the five years of post-release control already imposed as to Count Three, Petitioner was also sentenced to three years of post-release control as to Count Two. (Doc. 10, Exh. 18, PageID # 115). Petitioner claims that this constituted a new "worse than before" sentence. However, the Court notes that under Ohio Revised Code § 2967.28: "If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control

4

shall be served concurrently and shall not be imposed consecutively to each other." Therefore, Petitioner will only be subject to the five years of post-release control which was a part of his original sentence; and the nunc pro tunc sentencing entry did not result in a substantive change in his sentence.

To the extent Petitioner argues that the imposition of post-release control in his case violates the Ex Post Facto Clause, the United States Supreme Court has explained:

> The Ex Post Facto Clause, by its own terms, does not apply to courts. Extending the Clause to courts through the rubric of due process thus would circumvent the clear constitutional text. It also would evince too little regard for the important institutional and contextual differences between legislating, on the one hand, and common law decisionmaking, on the other.

*Rogers v. Tennessee*, 532 U.S. 451, 460, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001). Instead, "limitations on ex post facto judicial decisionmaking are inherent in the notions of due process." *Id.* at 456, 121 S.Ct. 1693. Moreover, the Ex Post Facto Clause prohibits any law which increases the punishment for a crime. *Kilbane v. Kinkela*, 24 F. App'x 241, 242 (6th Cir. 2001). Here, the nunc pro tunc entry did not increase Petitioner's punishment, but imposed the same twenty-year aggregate sentence and five years of post-release control. (See Doc. 10, Exh. 17, Page ID #112).

Similarly, the Court rejects any argument that the entry of the nunc pro tunc entry violated the Double Jeopardy Clause of the Fifth Amendment. As the Magistrate Judge noted: "No court has held that correction of an omission to recite reasons for imposing consecutive sentences, corrected on remand on direct appeal, somehow violates the Double Jeopardy Clause." (Doc. 97, PageID # 1700). The Double Jeopardy Clause protects against multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S.

161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). In *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818 (1947), the Supreme Court held that the Double Jeopardy Clause was not violated when the trial court corrected a sentence by adding a fine to a previously-imposed term of imprisonment. The Court explained:

> If [an] inadvertent error cannot be corrected in the manner used here by the trial court, no valid and enforceable sentence can be imposed at all. This Court has rejected the doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence. The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. In this case the court only set aside what it had no authority to do, and substituted directions required by the law to be done upon the conviction of the offender. It did not twice put petitioner in jeopardy for the same offense. The sentence, as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense.

330 U.S. at 166-67 (citations omitted). Therefore, Petitioner's corrected sentence in the nunc pro tunc entry does not violate Double Jeopardy.

Based on the foregoing, the Magistrate Judge's March 16, 2018 and May 15, 2018 R&Rs (Docs. 97, 105) are **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Good Faith Request to Court and Motion for Reconsideration of the Subject Matter Jurisdiction (Docs. 95, 96) are **DENIED**;

2. Petitioner's "Motion of Advisory to the Court on New *Crangle* Holdings for Clarification" (Doc. 104) is **DENIED**; and

3. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                            */s/ Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT