UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,

    Petitioner,

v.

Warden, Toledo Correctional Institution,

    Respondent.

Case No.: 1:15-cv-713

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court on the Magistrate Judge's June 29, 2018 Order transferring this matter to the Sixth Circuit for that court's consideration of whether or not to grant permission to proceed. (Doc. 108). Petitioner filed objections to the Magistrate Judge's Order. (Doc. 111, 115).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brought two habeas corpus actions pursuant to 28 U.S.C. § 2254 which were consolidated under this case number. In both petitions, Petitioner's claimed that his sentence is unconstitutional based on a nunc pro tunc order entered by the Hamilton County Court of Common Pleas. The July 2, 2015 nunc pro tunc order stated that Petitioner had been found guilty by a jury, and also clarified that in addition to the

five years of post-release control already imposed as to Count Three, Petitioner was also sentenced to three years of post-release control as to Count Two. (Doc. 10, Exh. 18, PageID # 115).

The Magistrate Judge issued three Reports and Recommendations ("R&Rs") which recommended granting Respondent's Motion to Dismiss; and denying Petitioner's Motion for Judgment on the Pleadings. (Docs. 41, 61, 72). The Magistrate Judge concluded that Petitioner's claims for relief are not cognizable in habeas corpus, or are procedurally defaulted. On July 24, 2017, this Court adopted the Magistrate Judge's R&Rs and dismissed Petitioner's case with prejudice. (Doc. 81). This Court ruled that Petitioner's claim is an alleged violation of state law which does not rise to the level of a constitutional violation. *Accord Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998) ("while the trial court may have violated Ohio Criminal Rule 43 in entering the nunc pro tunc order changing Floyd's sentence from concurrent to consecutive sentences in his absence, this error does not rise to a 'fundamental miscarriage of justice' or constitute a violation of procedural due process of law. Floyd has alleged a violation of a state law that is not cognizable in a federal habeas corpus proceeding."). This Court adopted subsequent R&Rs by the Magistrate Judge which denied Petitioner's requests to reconsider this conclusion. (Doc.116).

In the meantime, Petitioner filed a motion for "Relief Upon Newly-Acquired Evidence for Guaranteed Immediate Release through this Ex Post Facto Prohibition Motion." (Doc. 107). The Magistrate Judge concluded that this Motion presents a "new" habeas claim not previously litigated by this Court in this case; and constitutes a second-or-successive habeas corpus application. (Doc. 108). The Magistrate Judge

explained that pursuant to 28 U.S.C. § 2244, Petitioner must obtain authorization for the filing of a second or successive habeas corpus petition from the Sixth Circuit Court of Appeals.

The Court notes that in Ground Three in Case No. 1:16cv846, Petitioner did plead a claim based on an ex-post facto clause violation. (Doc. 1, PageID # 8). In Ground Three, Petitioner claimed:

> Due process . . . does not countenance an unforeseeable and retroactive judicial expansion of narrow and precise statutory language. The Ex Post Facto Clause limits the powers of the legislature and does not of its own force apply to judicial decision making. The judgment of conviction change affected my substantial personal rights and not just modes of procedure which do not affect matters of substance.

(Doc. 1, PageID # 8). Case No. 1:16cv846 was consolidated with this case. (Doc. 50). The Magistrate Judge analyzed this claim as follows in a March 10, 2017 R&R:

> Respondent's Motion [to Dismiss] analyzes these four Grounds for Relief as all raising the same claim, to wit, that it was error for the Common Pleas Court to correct the judgment entry to reflect that Mr. Foster was convicted by a jury. Petitioner has not contested that reading.

(Doc. 61, PAGEID #1496). As explained above, the Magistrate Judge found that these claims were not cognizable in federal habeas corpus, and the Court has found no error in this conclusion. Additionally, the Court addressed Petitioner's variations on these claims, including Petitioner's argument that the entry of the nunc pro tunc order without him being present at a hearing was a violation of his right to due process (Doc. 81, Page ID # 1586); and the entry of the nunc pro tunc order amounts to a new judgment which resulted in a violation of due process, a violation of the Ex Post Facto Clause, and a double jeopardy violation (Doc. 116, PageID # 1887-1890).

3

Petitioner's current motion relies on Ohio Revised Code § 2929.191(C), which requires that a hearing be conducted before a nunc pro tunc entry is journalized to correct a sentence that fails to impose a term of post-release control according to certain statutory requirements.[1] Petitioner previously relied upon Ohio Revised Code § 2929.191(C) in these proceedings to argue that the Court of Common Pleas was required to hold a hearing with him physically present instead of entering its nunc pro tunc order on July 2, 2015 in his absence. Petitioner now argues that Ohio Revised Code § 2929.191(C) does not authorize a nunc pro tunc order to correct the trial court's failure to impose post-release control as to each offense. Petitioner argues that instead, a judge must consider each offense individually and impose a separate sentence for each offense. Petitioner argues that "prior to the 2015 nunc pro tunc my sentences were void for counts two and three offenses of my conviction because my [individual] sentences did not include post release control for my two offense convictions – weapons while under disability and felonious assault." (Doc. 107, PageID # 1790).

---

[1]Ohio Revised Code § 2929.191(C) provides: "On or after July 11, 2006, a court that wishes to prepare and issue a correction to a judgment of conviction of a type described in division (A)(1) or (B)(1) of this section shall not issue the correction until after the court has conducted a hearing in accordance with this division." Division (A)(1) of the section applies where the trial court fails to notify the offender that he will be subject to post-release control after the offender leaves prison or the trial court's failure to include a statement to that effect in the sentencing entry. Division (B)(1) applies where the trial court fails to notify the offender "regarding the possibility of the parole board imposing a prison term for a violation of supervision or a condition of postrelease control or to include in the judgment of conviction entered on the journal a statement to that effect."

The Court notes that during the resentencing hearing on August 21, 2013, Petitioner was present, and the trial court informed Petitioner that after he leaves prison, he would be subject to five years of post-release control. (Doc. 10-1, PageID # 907). The trial court also informed Petitioner that the parole board may impose a prison term if he violates supervision or a condition of post-release control. (Doc. 10-1, PageID # 908). The Court also notes that these statements were included in the August 21, 2013 sentencing entry (Doc. 10, PageID # 114) and the nunc pro tunc entry on July 2, 2015 (Doc. 10, PageID # 117).

Petitioner explains that this retrospective imposition of post-release control violated the Ex Post Facto Clause.

As the Magistrate Judge explained, a motion under Federal Rule of Civil Procedure 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). A Rule 60(b) motion is a second or successive habeas petition if it asserts a federal basis for relief from the state court's judgment of conviction by seeking to add a new ground for relief, or attacking the federal court's previous resolution of a claim on the merits. *Tyler v. Anderson*, 749 F.3d 499, 506–507 (6th Cir. 2014). In this context, the term "on the merits" refers "to a determination that there exist or do not exist grounds entitling the petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 507 (quoting *Gonzalez*, 545 U.S. at 532 n. 4, 125 S.Ct. 2641). "A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id.* (quoting *Gonzalez*, 545 U.S. at 531, 125 S.Ct. 2641).

The Court concludes that Petitioner's motion for "Relief Upon Newly-Acquired Evidence for Guaranteed Immediate Release through this Ex Post Facto Prohibition Motion" (Doc. 107) reasserts the substance of his claim and therefore constitutes an impermissible attack on the Court's previous resolution of the claims on the merits. *See Henderson v. Collins*, 184 Fed. Appx. 518, 523 (6th Cir. 2006). Therefore, Petitioner's motion is a "second or successive" habeas petition within the meaning of 28 U.S.C. §

2244(d). Petitioner was required to obtain authorization from the Sixth Circuit before he could file a new habeas petition.

Based on the foregoing, Petitioner's objections (Doc. 111, 115) to the Magistrate Judge's June 29, 2018 Transfer Order (Doc. 108) are **OVERRULED**. Accordingly, it is hereby **ORDERED** that:

1. This matter is **TRANSFERRED** to the Sixth Circuit Court of Appeals for that court's consideration of whether or not to grant permission to proceed; and

2. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          JUDGE MICHAEL R. BARRETT