# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

          Petitioner,         :        Case No. 1:15-cv-713

  - vs -                              District Judge Michael R. Barrett
                                   Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

                                      :

          Respondent.

# REPORT AND RECOMMENDATIONS ON MOTION FOR AFFIRMATIVE ACTION REQUEST

This habeas corpus case is before the Court on Petitioner's Motion for Affirmative Action under Fed.R.Civ.P. 81(a)(4) regarding ECF No. 81 (ECF No. 146). That document is District Judge Barrett's July 24, 2017, Order dismissing Foster's habeas corpus case with prejudice. Foster appealed and the Sixth Circuit dismissed the appeal for want of prosecution. Foster v. Warden, Case No. 17-3911 (6th Cir. Oct. 19, 2017)(copy at ECF No. 92).

Petitioner purports to direct this Motion to District Judge Barrett, but litigants cannot choose for the Court which judicial officer will handle their case. The case was referred to Magistrate Judge Litkovitz on filing in 2015 and she later transferred the reference to the undersigned who has handled it since November 9, 2016 (ECF No. 34).

Foster also requests that [i]f a Report and Recommendation is to result from this document, I respectfully request that this document sustain to be a representative as its own Objection." (ECF No. 140, PageID 2073-74). This is also an option that the Federal Rules of

1

Civil Procedure do not allow – one cannot file objections to a report before that report is filed.

The gravamen of Foster's Motion seems to be a request that the Court's final judgment be amended to grant him the relief he requested in the first place – release from prison and transfer to the Ohio State University Medical Crisis Unit by the United States Marshal. Petitioner has not set forth any new basis for relief from judgment which has not been previously considered. In particular, his citation to the First Step Act is inapposite as that Act only grants relief to federal prisoners sentenced before August 2010 for crack cocaine offenses. Furthermore, any motion for relief from judgment is far too late since judgment was entered in July 2017. Finally, as Foster has been advised before, a habeas corpus court does not have jurisdiction to order a state prisoner's release because he is not being given the medical care he believes he needs.

**Conclusion**

Foster's instant Motion should be denied. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 19, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).