UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,

    Petitioner,

v.

Warden, Toledo Correctional Institution,

    Respondent.

Case No. 1:15-cv-713

Judge Michael R. Barrett

## **ORDER**

This matter is before the Court on the Magistrate Judge's April 1, 2019 Report and Recommendation ("R&R") (Doc. 129) and the Magistrate Judge's August 19, 2019 R&R (Doc. 141).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 130, 142).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner's arguments center primarily on Petitioner's claim that his sentence is unconstitutional because the state court entered an order nunc pro tunc which altered his sentence. On July 24, 2017, this Court adopted the Magistrate Judge's R&Rs and dismissed Petitioner's case with prejudice. (Doc. 81). This Court ruled that Petitioner's claim is an alleged violation of state law which does not rise to the level of a constitutional violation. *Accord Floyd v. Alexander*, 148 F.3d 615, 619 (6th Cir. 1998) ("while the trial court may have violated Ohio Criminal Rule 43 in entering the nunc pro tunc order changing Floyd's sentence from concurrent to consecutive sentences in his absence, this error does not rise to a 'fundamental miscarriage of justice' or constitute a violation of procedural due process of law. Floyd has alleged a violation of a state law that is not cognizable in a federal habeas corpus proceeding."). While Petitioner appealed this Court's ruling, the Sixth Circuit dismissed the appeal for want of prosecution. (Doc. 92).

In his April 1, 2019 R&R, the Magistrate Judge recommends denying Petitioner's New Retroactive Motion to Alter. (Doc. 129). The Magistrate Judge explains that Petitioner's motion to alter this Court's July 24, 2017 judgment is untimely under Federal Rule of Civil Procedure 59(e). In his objections, Petitioner does not address the timeliness of his motion, but instead discusses the merits of his claim and suggests that his motion should be considered pursuant to Federal Rule of Civil Procedure 60(b)(2) and (c). While Rule 60(b) allows a habeas petitioner to move a district court to

reconsider a judgment or order "under a limited set of circumstances," any such motion must be filed within AEDPA's one-year statute of limitations. *Hill v. Mitchell*, 842 F.3d 910, 921 (6th Cir. 2016) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)). Petitioner filed his motion on March 29, 2019, which is well beyond the expiration of the one-year time period, and therefore any motion Petitioner would file pursuant to Rule 60(b)(2) would also be untimely.

In his August 19, 2019 R&R, the Magistrate Judge recommends denying Petitioner's Motion for Affirmative Action. (Doc. 141). The Magistrate Judge explains that any relief that Petitioner would seek from judgment has already been denied, or his request is untimely. In his objections, Petitioner seeks adjudication of his sentencing claims which he states have already been granted by the Sixth Circuit. (See Doc. 142, PAGEID# 2086).

Contrary to Petitioner's arguments, Petitioner is not entitled to be released from state custody. On May 1, 2019, the Sixth Circuit considered whether Petitioner should be permitted to file a second or successive petition pursuant to 28 U.S.C. § 2244. (Doc. 132). In its order denying authorization, the Sixth Circuit granted Petitioner leave to amend his proposed sentencing claims. In other words, even though the Sixth Circuit considered Petitioner's amended sentencing claims on appeal, the Sixth Circuit did not find that authorization to file a second or successive § 2254 petition was warranted. Without authorization to consider Petitioner's second or successive § 2254 petition, this Court lacks jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 157, 127 S. Ct. 793, 799, 166 L. Ed. 2d 628 (2007).

Based on the foregoing, the Magistrate Judge's April 1, 2019 R&R (Doc. 129) and August 19, 2019 R&R (Doc. 141) are **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's New Retroactive Motion to Alter Doc. 128) is **DENIED**;

2. Petitioner's Motion for Affirmative Action (Doc. 140) is **DENIED**; and

3. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                                  JUDGE MICHAEL R. BARRETT