**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

CHRISTOPHER FOSTER,

               Petitioner,        :     Case No. 1:15-cv-713

   - vs -                                   District Judge Michael R. Barrett
                                          Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

                                         :

               Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's "*Pro Se* Motion under 28 U.S.C. § 2244(d)(1)(B) for (Doc. #143); Relief Also Under Section 2244(d)(1)(D) New Fact Predicate"[1](ECF No. 144). The Motion apparently seeks relief from the Court's Order of January 2, 2020 (ECF No. 143) which in turn adopted prior Reports and Recommendations at ECF Nos. 129 and 141.

Judgment was entered in this case on July 24, 2017 (ECF No. 81). That judgment remains final. An appeal from the judgment was dismissed by the Sixth Circuit Court of Appeals for want of jurisdiction (*Foster v. Warden*, Case No. 17-3911, copy at ECF No. 92). Numerous subsequent attempts by Foster to alter the finality of the judgment have been rejected (ECF Nos. 94, 98, 116, 143). The Sixth Circuit has also denied Foster authorization to file a second or successive petition (*In re Christopher Foster,* Case No. 19-3020, copy at ECF No. 132).

---

[1] The Clerk has chosen to docket this Motion as a "Motion for Reconsideration." That appears to be an appropriate characterization, given the relief sought.

1

In the Order which Foster seeks to have modified by his instant Motion, District Judge Barrett decided that Foster's "New Retroactive Motion to Alter" (ECF No. 129) was untimely whether construed as a motion under Fed.R.Civ.P. 59(e) or 60(b)(Order, ECF No. 143, PageID 2099-2100). As to Foster's "amended sentencing claims," Judge Barrett found this Court lacked jurisdiction absent second or successive authorization from the circuit court. *Id.* at PageID 2100.

In Sixth Circuit Case No. 19-3020, "Foster move[d] . . . to amend his proposed sentencing claims (Order, ECF No. 132, PageID 2032). At the end of the same Order, the Sixth Circuit granted that motion. *Id.* at PageID 2035. The motion referred to is a thirteen-page motion in which Foster asks the Court of Appeals to amend the sentencing claim before them in his request for authorization to proceed. Having granted that motion and thus having before them Foster's amended sentencing claim, the Sixth Circuit still denied him permission to proceed in this Court.

Judge Barrett already considered the Sixth Circuit's May 1, 2019, Order in his Order which Foster seeks to have reconsidered and concluded this Court lacked jurisdiction to grant Foster relief (ECF No. 143, PageID 2100). Foster purports to assert we have jurisdiction to reconsider that Order under 28 U.S.C. §§ 2244(d)(1)(B) and (d)(1)(D). Those sections, however, do not purport to give District Courts authority to reconsider post-judgment decisions. The only such authority known to the Magistrate Judge is Fed.R.Civ.P. 60, and Foster does not rely on that Rule.[2]

**Conclusion**

Accordingly, it is respectfully recommended that the instant Motion be denied for lack of jurisdiction. Because reasonable jurists would not disagree with this conclusion, it is also

---

[2] If Foster were to file yet another Rule 60 motion, it would be subject to denial as untimely.

recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 30, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.