# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

            Petitioner,          :        Case No. 1:15-cv-713

  - vs -                          District Judge Michael R. Barrett
                                     Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,
                                  :
           Respondent.

## TRANSFER ORDER

This habeas corpus case is before the Court on Petitioner's Motion pursuant to Fed.R.Civ.P. 60(b)(6) to retroactively apply *Strickland v. Washington,* 466 U.S. 668 (1984), and *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), to this case (ECF No. 148).

Foster asserts that at a hearing in 2013 the trial judge ordered his attorney to "preserve his appellate rights." *Id.* at PageID 2122. However, he asserts his attorney never responded to his requests in this regard until 2018. Attached to the filing is an August 28, 2018, letter from Christine Jones responding to Foster's letters of August 21 and 22, 2018, and advising that she could not assist him in whatever he was requesting because she was no longer in private practice, having joined the staff of the Hamilton County Public Defender. *Id.* at PageID 2132. Nothing is Ms. Jones' letter says anything about an appeal from the proceeding in which she was allegedly instructed to "preserve {Foster's] appellate rights." Nor does Foster attach copies of his letters to which Ms. Jones is responding.

1

Foster's claim, now seems to be that at the 2013 re-sentencing, Judge Kubicki only started that post-release control would be for a total of five years, without specifying which part of the five years attached to each of Counts Two and Three. Then the trial judge is said to have improperly attempted to correct this with a 2015 *nunc pro tunc* entry. *Id.* at PageID 2124, *et seq.*

Foster appears to be making a claim that he received ineffective assistance of trial counsel when Ms. Jones did not appeal on his behalf from the 2013 re-sentencing or, presuming she was still representing him in 2015, from the *nunc pro tunc* entry that year.

New habeas claims for relief made in Fed.R.Civ.P. 60(b) motions constitute second or successive habeas applications requiring circuit court permission to proceed before a District Court has jurisdiction to decide them. *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Foster seems to recognize this fact, because he ends his instant Motion by asking this Court to transfer it to the Sixth Circuit for consideration under 28 U.S.C. § 2244. That is indeed the proper course of action. *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

Accordingly, it is hereby ORDERED that the Clerk transfer this matter to the Sixth Circuit Court of Appeals for consideration under 28 U.S.C. § 2244(b) of whether Petitioner may proceed in this Court.

March 19, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge