# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

        Petitioner,      :      Case No. 1:15-cv-713

  - vs -                         District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

                                                :

        Respondent.

## TRANSFER ORDER

This habeas corpus case is before the Court on Petitioner's most recent motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6), docketed by the Clerk as "Emergency Retroactive Presentation" (ECF No. 157).

In deciding whether a motion to vacate or modify a habeas judgment is a second or successive habeas application, a district court must consider whether it raises a new claim about the underlying state court judgment or instead attacks the integrity of the federal court judgment. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* involved an attack on the district court's prior statute of limitations decision on the basis of later Supreme Court law (*Artuz*). The Court held this was a proper use of Rule 60(b) and the district court could reach the motion on the merits without

precertification by the court of appeals.

In his instant Motion, Foster seeks the retroactive application to this case of the decision in *Torres v. Madrid*, ___ U.S. ___, 141 S. Ct. 989, 209 L. Ed. 2d 190 (2021). In that case the Supreme Court held application of physical force to the body of a person with intent to restrain is Fourth Amendment seizure even if the person does not submit and is not subdued and in this case officers seized suspect for the instant that the bullets struck her, despite the fact that she temporarily eluded capture. Foster further asserts *Torres* states a new substantive rule of constitutional law and is therefore retroactively applicable to cases pending on collateral review (Motion, ECF No. 157, PageID 2162).

Foster argues he could not, without the *Torres* decision, articulate why his counsel was ineffective for failure to file a motion to suppress or how his Fourth Amendment rights were violated. *Id.* at PageID 2163.

Upon examination, the Petition in this case does not include a claim of ineffective assistance of appellate counsel for failure to raise a claim of ineffective assistance at the trial level for trial counsel's failure to file a motion to suppress or a Fourth Amendment claim pure and simple. The claims made in the instant Motion are therefore new attacks on the underlying criminal judgment. This Court has no jurisdiction to consider those claims without prior certification from the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016).

Accordingly, pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997), the Clerk is ordered to transfer the instant Motion to the United States Court of Appeals for the Sixth Circuit for its consideration of whether to permit Foster to proceed.

IT IS SO ORDERED.

July 20, 2021.

*s/ Michael R. Merz*
United States Magistrate Judge