# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

        Petitioner,    :    Case No. 1:15-cv-713

  - vs -        District Judge Michael R. Barrett
                    Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

                              :

        Respondent.

## TRANSFER ORDER

This habeas corpus case is before the Court on Petitioner's most recent motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6)(ECF No. 160).

In deciding whether a motion to vacate or modify a habeas judgment is a second or successive habeas application, a district court must consider whether it raises a new claim about the underlying state court judgment or instead attacks the integrity of the federal court judgment. In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presents a "claim" if it seeks to add a new ground for relief from the state conviction or attacks the federal court's previous resolution of a claim on the merits, though not if it merely attacks a defect in the federal court proceedings' integrity. *Gonzalez* involved an attack on the district court's prior statute of limitations decision on the basis of later Supreme Court law (*Artuz*). The Court held this was a proper use of Rule 60(b) and the district court could reach the motion on the merits without precertification by the court of appeals.

1

In his instant Motion, Foster seeks the retroactive application to this case of the decision in *Torres v. Madrid*, ___ U.S. ___, 141 S. Ct. 989, 209 L. Ed. 2d 190 (2021)(ECF No. 160, PageID 2180). This is the same claim Foster made in his prior motion for relief under Fed.R.Civ.P. 60(b)(6)(ECF No. 157). This Court ordered the prior motion transferred to the Sixth Circuit for its determination under 28 U.S.C. § 2244 (ECF No. 158). The case remains pending under Sixth Circuit Case No. 21-3674. This Court lacks subject matter jurisdiction to consider second or successive habeas petitions without permission from the circuit court. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016). If a purported motion for relief from judgment attacks the conviction rather than the district court's judgment, it should be transferred to the circuit court for permission to file. *United States v. Alford*, Case No. 11-4067 (6th Cir. Nov. 12, 2013)(unreported, copy at 3:00-cr-065, Doc. No. 156), citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005), and *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

Accordingly, pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997), the Clerk is ordered to transfer the instant Motion to the United States Court of Appeals for the Sixth Circuit for its consideration of whether to permit Foster to proceed.

IT IS SO ORDERED.

November 2, 2021.

s/ *Michael R. Merz*<br>
United States Magistrate Judge