# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

        Petitioner,    :    Case No. 1:15-cv-713

  - vs -        District Judge Michael R. Barrett
                Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(ECF No. 165). As a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) for a report and recommendations.

Rather than making a new habeas corpus claim, the motion attacks the correctness of this Court's judgment and is thus properly decided by this Court and not transferred to the Sixth Circuit as a second or successive habeas petition under *Gonzalez v. Crosby*, 545 U.S. 524 (2005).

As best the Magistrate Judge understands it, Foster claims the Court erred in dismissing his case on July 24, 2017 (ECF No. 81) without giving him an opportunity to decide on a proper characterization of the case under *Castro v. United States*, 540 U.S. 375 (2003), where the Supreme Court held:

> A federal court cannot recharacterize a *pro se* litigant's motion as a first § 2255 motion unless it first informs the litigant of its intent to recharacterize, warns the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions

1

> on "second or successive" motions, and provides the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. If these warnings are not given, the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's "second or successive" restrictions.

*Id.* at 377. The evident purpose of that ruling was to prevent the bar on second or successive motions to vacate under 28 U.S.C. § 2255 to bar such a motion where the defendant had not chosen to proceed under § 2255. Foster asks that we vacate the 2017 judgment, allow him to choose whether he wishes to proceed under 28 U.S.C. § 2254 or 42 U.S.C. § 1983 as to allegedly unconstitutional prison conditions.

*Castro* does not counsel granting Foster's Motion. In the first place, it is grossly untimely. It is filed multiple times beyond the one-year limit in Fed.R.Civ.P. 60(c) for most motions under Fed.R.Civ.P. 60(b). It is not filed within a reasonable time under Fed.R.Civ.P. 60(b(6) in that *Castro* has been available as precedent since before this case was dismissed.

Substantively, it was Foster in the first instance who characterized this as a habeas corpus case. He is the one who attempted to add prison conditions questions toward the end of the case. This Court did not err in holding, given *Preiser v. Rodriquez*, 411 U.S. 475 (1973), that Foster could not add prison condition claims to his original Petition.

**Conclusion**

Foster's Motion should be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

2

be permitted to proceed *in forma pauperis*.

October 25, 2022.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
