# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

                Petitioner,           :     Case No. 1:15-cv-713

    - vs -                             District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
 Southern Ohio Correctional Facility,

                                      :
                Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Article III Relief Issuance (ECF No. 177). Foster seeks relief from this Court's dismissal of his Petition on July 24, 2017 (ECF No. 81).

Initially, Foster seeks District Judge Barrett's decision on the instant Motion as an Article III judge, seeking to avoid handling of the Motion by the undersigned whom he characterizes as an Article I judge. United States Magistrate Judges, although they do not enjoy the lifetime tenure accorded District Judges under Article III of the Constitution, perform judicial functions in District Courts, which are Article III courts of the United States. The Judicial Code, 28 U.S.C. Ch. 43, provides for the appointment of Magistrate Judges and the functions which they may be assigned. One of those functions is providing reports and recommendations on motions for relief from judgment under 28 U.S.C. § 636(b)(3) which are reviewable by the assigned District Judge under Fed.R.Civ.P. 72(b).

1

The Judicial Code provides no basis for a litigant to choose whether a District Judge decides motions himself or herself or, instead, refers those motions to a Magistrate Judge. In this case, the General Order governing the assignment of matters to Magistrate Judges at the Cincinnati location of court provided that all habeas corpus case should be thus referred.  When Foster filed this case November 5, 2015, it was randomly assigned to Magistrate Judge Karen L. Litkovitz and remained with her until November 9, 2016, when she transferred the case to the undersigned, again acting under the Court's general orders permitting transfer of cases among Magistrate Judges upon mutual consent (Transfer Order, ECF No. 34).

On March 10, 2017, the undersigned recommended Respondent's Motion to Dismiss be granted (ECF No. 61).  On Jul 24, 2017, Judge Barrett entered the judgment from which Foster now seeks relief, dismissing the Petition with prejudice (ECF No. 82).  Foster has attempted many times and by many different procedural approaches to have that judgment reopened, all without success.

The instant Motion involves a new approach.  Foster threatens that unless the dismissal judgment is reopened within two weeks, he will expose the fact that he is in prison because I have not enforced the contract between the City of Cincinnati and the plaintiffs in the Cincinnati racial profiling case (Motion, ECF No. 177, PageID 2320).  By is citations in the Motion, Foster refers to *In re Cincinnati Policing*, Case No. 1:99-cv-3170.  On August 5, 2002, District Judge Susan J. Dlott approved a settlement of that case.  *In re Cincinnati Policing*, 209 F.R.D. 395 (S.D. Ohio, Aug 5. 2002). She reported that she had appointed the undersigned as a special master in the case on March 25, 2002, "to complete the negotiations referenced in the Order Establishing Collaborative Procedure and a scheduling order of February 8, 2002." *Id.* at 397.  Intense negotiations, described by Judge Dlott as the most intense she had experienced in her career,

resulted in a Collaborative Agreement which the Court approved in the cited decision. As part of that Agreement, the undersigned's role as special master was continued until the Collaborative Agreement was completed in 2008, years before Foster's arrest which is at issue. Since then the undersigned has had no role in the Cincinnati Policing case.

But even if that role had continued through the litigation of this case, it would not have created the implied conflict of interest of which Foster complains and which he threatens to expose. The Collaborative Agreement created no new organization of which the undersigned was or was supposed to be a trustee. As a special master appointed under Fed.R.Civ.P. 53, the undersigned had no investigative role and received no compensation beyond the salary prescribed for Magistrate Judges.

In sum, Foster has no standing to insist this Motion be decided in the first instance by an Article III judge. The Motion also has no merit because there is no conflict of interest between the duties assigned as special master in *In re Cincinnati Policing* and case management in this case. The Motion should be DENIED.

May 26, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

3