# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Christopher Foster,

    Petitioner,

v.

    Case No. 1:15-cv-713

    Judge Michael R. Barrett

Warden, Toledo Correctional Institution,

    Respondent.

## ORDER

This matter is before the Court on the Magistrate Judge's October 25, 2022 Report and Recommendation ("R&R"). (Doc. 166). The Magistrate Judge recommends denying Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b) (Doc. 165).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 167).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. On July 24, 2017, this Court adopted the Magistrate Judge's R&Rs and dismissed Petitioner's case with prejudice. (Doc. 81). In 2019, Petitioner filed a New Retroactive Motion to Alter. (Doc. 129). However, upon the recommendation of the Magistrate Judge, this Court found the motion untimely under Federal Rule of Civil Procedure 59(e); or alternatively, the Court found that if the motion was considered pursuant to Federal Rule of Civil Procedure 60(b)(2) and (c), the motion was barred by the AEDPA's one-year statute of limitations. (Doc. 143).

In his current motion pursuant to Rule 60(b), Petitioner claims that this Court improperly dismissed his case in 2017 without considering *Castro v. United States*, 540 U.S. 375, 375, 124 S. Ct. 786, 788, 157 L. Ed. 2d 778 (2003). However, as the Magistrate Judge explained in his R&R, Petitioner's motion is untimely under Rule 60(c). The Magistrate Judge also noted that Petitioner filed this case as habeas case under 28 U.S.C. § 2254, but then later attempted to bring claims based on prison conditions under 42 U.S.C. § 1983.

In his objections, Petitioner challenges the Magistrate Judge's application of *Castro* to his case. Petitioner argues that he has demonstrated diligence because he brought his claim challenging his prison conditions as soon as he had access to the law library or other materials necessary for bringing his claim. Petitioner makes a number of other arguments which seem to be related to other litigation brought by him. *See Foster v. Henderson*, No. 2:23-CV-947, 2023 WL 3764566, at *5-6 (S.D. Ohio June 1, 2023)

(describing similar claims made by Petitioner and outlining the history of Petitioner's various claims), *report and recommendation adopted* 2023 WL 5443895 (S.D. Ohio Aug. 24, 2023).[1]

In *Castro*, the Supreme Court held that when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion, "the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." 540 U.S. at 383. The application of *Castro* to Petitioner's case is largely irrelevant because as the Magistrate Judge noted, Petitioner's motion is untimely under the one-year limitation period of Rule 60(c). Petitioner acknowledges a five-year delay in filing his motion and explains that he did not have access to the law library until February of 2020. (Doc. 165, PAGEID 2217). However, he has not provided an explanation for the delay since that time.

Based on the foregoing, the Magistrate Judge's October 25, 2022 R&R (Doc. 166) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b) (Doc. 165) is **DENIED**;

2. A certificate of appealability shall not issue with respect to the claims alleged in the petition, which this Court has concluded are procedurally barred from review because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling;

---

[1]This Court also recognized that Petitioner has been designated as a "three-striker" under the federal Prison Litigation Reform Act, and as a vexatious litigator under Ohio law. 2023 WL 3764566, *6.

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order adopting the Report and Recommendation would not be taken in "good faith," and, therefore, petitioner is DENIED leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997); and

4. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                          */s/ Michael R. Barrett*
                                                         JUDGE MICHAEL R. BARRETT