# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

        Petitioner,      :      Case No. 1:15-cv-713

  - vs -                          District Judge Michael R. Barrett
                                  Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

                                             :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Rule 60(b) Relief (ECF No. 183). Petitioner does not specify a subsection of Rule 60, so the Court interprets his Motion as made under Fed.R.Civ.P. Rule60(b)(6), as a motion under any other subsection would be untimely.

Petitioner's stated ground for relief is that the Court's procedural default ruling at ECF No. 41 as to Ground One is erroneous on the basis of new evidence Foster acquired in November 2023, to wit, Exhibit 1. The referenced document is the November 17, 2016, Order of the undersigned which makes no procedural default finding.

In the instant Motion, Foster asserts he has a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), that the prosecution withheld exculpatory evidence and a further claim that his appellate attorney would not raise this *Brady* claim on direct appeal.

Foster attaches as Exhibit 1 a letter dated November 15, 2023, from Christine Jones who

acted as Foster's appellate attorney, responding to a November 7, 2023, letter from Foster apparently discussing an officer-involved shooting and comments by a chief of police. No underlying documents are supplied. Also attached is an August 2021 letter from civil rights attorney Alphonse Gerhardstein declining a proffered representation from Mr. Foster. None of this material shows that Foster has ever had a viable claim under *Brady*.

Therefore the motion for relief from judgment should be denied.

December 27, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
