# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

        Petitioner,     :     Case No. 1:15-cv-713

    - vs -                  District Judge Michael R. Barrett
                                 Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

                                 :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion to Recommit Objection (ECF No. 191). The Motion requests District Judge Barrett to receive further evidence or recommit the case to the Magistrate Judge with instructions.

As a post-judgment motion, the Motion to Recommit is deemed referred to the assigned Magistrate Judge for a report and recommendations. 28 U.S.C. § 636(b)(3).

The following chronology relates the relevant details:

**December 11, 2023:** Petitioner filed a motion for relief from judgment under Fed.R.Civ.P. 60(b) claiming the Court's procedural default ruling of November 17, 2016 (ECF No. 41) was in error because of new evidence acquired by Petitioner in November 2023. This morphs into a claim of ineffective assistance of appellate counsel in that Foster claims he wanted his appellate attorney to file a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), and she refused to do so. Foster alleges an investigation by his appellate attorney would have revealed the identity of a key witness

1

to support his theory that he had a right to use force to defend himself. If he were granted relief from the judgment, he could now "properly respond to the State's Motion" appearing at PageID 927.

**December 27, 2023:** The Magistrate Judge filed a Report and Recommendations ("R&R) reciting that there was no procedural default ruling in the November 2016 and recommending denial of the Motion for Relief from Judgment (ECF No. 185). That R&R was served on Foster by mail, making any objections due to be filed by January 15, 2024.

**January 16, 2024:** Noting that no objections had been filed, Judge Barrett adopted the R&R (ECF No. 185).

**January 16, 2024:** The Clerk received and docketed Foster's Objections (ECF No. 186). At the end of the document, Foster includes a certificate of service stating he placed the Objections "in the mail box for ECF service) on January 1, 2024. The envelope in which the Objections were mailed does not have a legible postmark (ECF No. 186-5).

## Analysis

Foster's assertions about mailing are not corroborated. Assuming they are truthful, they show that his Objections were timely filed because of the prison mailbox rule. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Nevertheless, the Magistrate Judge respectfully recommends that the case not be recommitted because the Objections do not establish a case for relief from judgment.

First of all, as the R&R notes, the documents on which Foster relies as having been discovered in November 2023 do not establish a *Brady* violation.

2

Secondly, a motion for relief from judgment cannot be used as a means to avoid the bar on second or successive habeas corpus petitions. In his Motion Foster presents a new claim – that his conviction is unconstitutional because the State violated *Brady*. This claim was not presented in the Petition and therefore is not one of the claims dismissed by the Court in its judgment from which Foster now seeks relief (See ECF No. 81, 82). Because it presents or attempts to present a new claim attacking the constitutionality of his conviction, Foster's Motion for Relief from Judgment should have been transferred to the Sixth Circuit for its determination on whether or not he may proceed under 28 U.S.C. § 2244(b).

It is therefore respectfully recommended that the Court (1) vacate its Order denying the Rule 60(b)(6) Motion (ECF No. 185) upon a finding that the Motion for Relief presents a second or successive habeas petition[1] and (2) transfer this case to the Sixth Circuit Court of Appeals for that Court's determination of whether Foster may proceed with his *Brady* claim. See *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

February 13, 2024.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections

---

[1] Once the Court determines a filing constitutes a second or successive habeas petition, it lacks jurisdiction to consider the case further and must tranfer it to the Court of Appeals. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016).

in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>
United States Magistrate Judge