UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,

    Petitioner,

v.

    Case No. 1:15-cv-713

    Judge Michael R. Barrett

Warden, Toledo Correctional Institution,

    Respondent.

## ORDER

This matter is before the Court on the Magistrate Judge's May 30, 2022 Report and Recommendation ("R&R"). (Doc. 178). The Magistrate Judge recommends denying Petitioner's Motion for Article III Relief Issuance (Doc. 177).

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 179).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the

recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. On July 24, 2017, this Court adopted the Magistrate Judge's R&Rs and dismissed Petitioner's case with prejudice. (Doc. 81). In his current motion, Petitioner seeks relief from the dismissal of his petition. Petitioner explains that Magistrate Judge Merz cannot preside over his case because back in March of 2002, Magistrate Judge Merz was appointed as a special master in a case challenging allegedly racially discriminatory police practices by the Cincinnati Police Department. *See In re Cincinnati Policing*, 209 F.R.D. 395, 397 (S.D. Ohio 2002). In his R&R, the Magistrate Judge recommends denying Petitioner's Motion because there is no conflict of interest between the duties assigned as special master in *In re Cincinnati Policing* and this case.

In his objections, Petitioner maintains that Magistrate Judge Merz cannot preside over this case because when he served as a special master, he was a trustee of the Collaborative Agreement, which was the settlement agreement reached in *In re Cincinnati Policing.*

"A bias sufficient to justify recusal must be a personal bias 'as distinguished from a judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'" *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983) (quoting *Oliver v. Mich. State Bd. of Educ.*, 508 F.2d 178, 180 (6th Cir. 1974)). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003) (citing *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251–52 (6th

2

Cir. 1989)); *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir. 1985)).  Petitioner has not presented any evidence of personal bias here, and the mere fact that Magistrate Judge Merz assisted in the negotiations in an unrelated case is not indicative of bias.

Based on the foregoing, the Magistrate Judge's May 30, 2022 R&R (Doc. 178) is **ADOPTED**.  Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Motion for Article III Relief Issuance (Doc. 177) is **DENIED**; and

2. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                        JUDGE MICHAEL R. BARRETT