UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,

    Petitioner,

v.

    Case No. 1:15-cv-713

    Judge Michael R. Barrett

Warden, Toledo Correctional Institution,

    Respondent.

# ORDER

This matter is before the Court on the Magistrate Judge's February 13, 2024 Report and Recommendation ("R&R"). (Doc. 192). The Magistrate Judge recommends (1) vacating the Order denying Petitioner's Motion for Relief from Judgment (Doc. 185); and (2) upon a finding that the Motion for Relief from Judgment presents a second or successive habeas petition, transferring this case to the Sixth Circuit Court of Appeals for a determination of whether Petitioner may proceed with his *Brady* claim.

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947, 949-950 (6th Cir. 1981). Petitioner filed timely objections to the R&R. (Doc. 193).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the

magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. On July 24, 2017, this Court adopted the Magistrate Judge's R&Rs and dismissed Petitioner's case with prejudice. (Doc. 81). Since that time, Petitioner has made several collateral attacks on the judgment. Most recently, on December 11, 2023, Petitioner filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). (Doc. 183). The Magistrate Judge entered an R&R recommending the denial of the Motion for Relief from Judgment. (Doc. 184). The R&R was adopted without objection on January 16, 2024. (Doc. 185). That same day, Petitioner's objections to the R&R were docketed. (Doc. 186). Petitioner then filed his Motion to Recommit Objection (Doc. 191) explaining that his objections were not untimely under the prison mailbox rule.

In his February 13, 2024 R&R, the Magistrate Judge does not recommend recommitting the case because the objections do not establish that Petitioner is entitled to relief from judgment. The Magistrate Judge explains that in his Motion for Relief from Judgment, Petitioner presents a new claim under *Brady v. Maryland*, 373 U.S. 83 (1963): the prosecution withheld exculpatory evidence and his attorney refused to raise this claim on direct appeal. Because Petitioner presents, or attempts to present, this new claim attacking the constitutionality of his conviction, the Magistrate Judge recommends transferring Petitioner's Motion for Relief from Judgment to the Sixth

2

Circuit Court of Appeals for its determination on whether or not he may proceed under 28 U.S.C. § 2244(b).[1]

The Court finds that the Magistrate Judge properly recommended transferring Petitioner's Motion for Relief from Judgment to the Sixth Circuit. If a second or successive petition is filed in the district court without § 2244(b)(3) authorization from the court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631; *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

Based on the foregoing, the Court **OVERRULES** Petitioner's Objections (Doc. 193); and the Magistrate Judge's February 13, 2024 R&R (Doc. 192) is **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Motion to Recommit (Doc. 191) is **DENIED**;

2. This Court's Order denying Petitioner's Motion for Rule 60(b) Relief (Doc. 185) is hereby **VACATED**;

3. Because Petitioner's Motion for Rule 60(b) Relief (Doc. 183) presents a second or successive habeas petition, the Clerk is ordered to **TRANSFER** the Motion to the Sixth Circuit as required under 28 U.S.C. § 2244(b)(3) for consideration of whether Petitioner may proceed with his *Brady* claim; and

---

[1] The Court notes that Petitioner has made the same *Brady* claim as part of a new petition filed in a different division of this Court: *Foster v. Warden*, No. 2:23-CV-3519-EAS-KLL. The Magistrate Judge presiding over that case has also recommending transferring the petition to the Sixth Circuit Court of Appeals for consideration. *See Foster v. Warden*, No. 2:23-CV-3519, 2023 WL 8372811, at *4 (S.D. Ohio Dec. 4, 2023).

4. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                                             */s/ Michael R. Barrett*
                                               JUDGE MICHAEL R. BARRETT