# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

        Petitioner,    :    Case No. 1:15-cv-713

  - vs -                         District Judge Michael R. Barrett
                                    Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

                                              :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Corrected Motion for Rule 60(b)(6) Relief, filed June 30, 2025 (ECF No. 210) and Petitioner's Objections (ECF No. 208) to the Magistrate Judge's Report and Recommendations on a prior Rule 60(b) Motion (ECF No. 202). District Judge Barrett has recommitted the prior 60(b)(6) Motion for reconsideration in conjunction with the Corrected Motion (ECF No. 212).

**Litigation History**

On November 17, 2016, the undersigned recommended this case be dismissed with prejudice because the Petition did not state any claims for relief cognizable in habeas corpus or the cognizable claim (Ground Four, lack of subject matter jurisdiction) was without merit (ECF No. 41). On July 24, 2017, District Judge Barrett entered judgment dismissing the Petition and denying Petitioner a certificate of appealability (ECF No. 81). Foster appealed, but the appeal was

dismissed for want of prosecution (ECF Nos. 90, 92).  Foster then commenced a long series of motions for relief from judgment or to amend the judgment, each of which has been denied (ECF Nos. 83, 107, 123, 160, 165, 173, 175, 181, 183, 189, 198).  On several occasions the Court has transferred one of these motions to the Sixth Circuit under *In re Sims*, 111 F.3d 45 (6th Cir. 1997).  The Sixth Circuit has uniformly denied permission to file a second or successive petition.

**The Pending Motions**

In the first of the two pending Rule 60 motions, Foster seeks relief from the final judgment because, he says, the State Court Record filed with this Court and furnished to him under Fed.R.Civ.P. 5 does not contain a transcript of the closing arguments (ECF No. 202).  The undersigned recommended denying the Motion because it was grossly untimely and the Court in no way relied on those arguments to decide the case (ECF No. 203).  In his Objections, Foster asserts his mental illness kept him from discovering the absence of the jury charge from the transcript as filed (ECF No. 208, PageID 2474).  But he offers no objection to the Magistrate Judge's finding that the jury charge was not relevant to the Court's judgment and that its absence from the State Court Record offers no basis for reopening the judgment.

In his Corrected Motion, he asserts that while investigating the medication he has been prescribed during June of this year, he discovered some "Ohio Revised Code § 2945.371(K) evidence."  That section provides for mental examination of persons charged with crimes whose mental condition is relevant to the case.  Foster does not describe what evidence he has found or why it would support reopening the judgment in this case.  He asserts that the prosecution repeatedly argued at trial that testimony about Foster's competence was untruthful and the

2

prosecution continues "to withhold the true facts about the unlawfulness of such testimony." (Motion, ECF No. 210, PageID 2492).  This is all just assertion by Foster who has not proven he was convicted on false testimony, much less that the prosecution knew it was false but presented it anyway.  See *Glossip v. Oklahoma*, 604 U.S. ___, 145 S.Ct. 612 (2025), citing *Napue v. Illinois*, 360 U.S. 264 (1959).

In neither one of the pending motions has Foster shown he is entitled to relief from judgment.  Both motions should be denied.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 3, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #