IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

        Petitioner,    :    Case No. 1:15-cv-713

- vs -    District Judge Michael R. Barrett
   Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
  Southern Ohio Correctional Facility,

                             :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b)(ECF No. 216).

Because Petitioner relies on evidence allegedly discovered earlier this year, the Motion is not a second or successive habeas petition under 28 U.S.C. § 2244(b) and does not require the permission of the circuit court to proceed. *Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010)

Judgment was entered in this case on July 24, 2017, dismissing the Petition for habeas corpus and finding any appeal would be objectively frivolous (ECF No. 82). Since that time Petitioner has filed literally dozens of applications for relief from that judgment with a variety of labels. No court has found any merit in any of them.

Nor is there any merit in the instant motion. He claims he relied on the prosecution's statement that he was under no duty to testify and he relied on that from the time of trial until now, referring the Court to PageID 781 in the trial transcript (Motion, ECF No. 216, PageID 2516). Actually at the place cited Foster had taken the stand against his attorney's advice. In the instant

1

Motion he claims he was unaware until earlier this year that he was under the influence of "intoxicating drugs against his will" during trial. Actually, at the place cited in the transcript Foster testified he was taking Zyprexin, a drug he had been previously prescribed.

Whatever these record citations may show, they provide no proof of Foster's actual innocence. The instant Motion should be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 25, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.