UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Foster,

  Petitioner,

v.

              Case No. 1:15-cv-713

              Judge Michael R. Barrett

Warden, Toledo Correctional Institution,

  Respondent.

# **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendations ("R&R") filed on March 31, 2025, July 3, 2025 and September 25, 2025. (Docs. 203, 213, 217). In these three R&Rs, the Magistrate Judge recommends: (1) denying Petitioner's Motion for Rule 60 Relief filed on March 7, 2025 (Doc. 202); (2) denying Petitioner's Corrected Motion for Rule 60(b)(6) Relief filed on June 30, 2025 (Doc. 210); (3) and denying Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b) filed on September 24, 2025 (Doc. 216).

The Magistrate Judge also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and Petitioner should not be permitted to proceed *in forma pauperis*.

The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d

947, 949-950 (6th Cir. 1981). Petitioner filed timely objections to the R&Rs. (Docs. 208, 214, 218).

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

Petitioner brought this habeas corpus action pursuant to 28 U.S.C. § 2254. On July 24, 2017, this Court adopted the Magistrate Judge's R&Rs and dismissed Petitioner's case with prejudice. (Doc. 81). Since that time, Petitioner has filed multiple motions for relief from judgment or to amend the judgment. There are now three additional Rule 60 motions for relief pending before the Court.

The first motion (Doc. 202) is centered on Petitioner's argument that the State Court Record filed with this Court and furnished to him under Federal Rule of Civil Procedure 5 contains an incomplete transcript. However, as the Magistrate Judge points out, not only is his Rule 60 motion untimely,[1] but the transcript of the closing arguments and the jury charge were not relevant to this Court's judgment. (Doc. 203, PAGEID 2465).

---

[1] A Rule 60(b)(1) motion must be filed "within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

2

In the second motion (Doc. 210), Petitioner states that he has discovered some "Ohio Revised Code § 2945.371(K) evidence" and claims that false testimony about his competence was presented at trial. However, as the Magistrate Judge points out, Petitioner has not explained what the evidence is, how it supports his motion, or shown that he was convicted based on false testimony. (Doc. 213, PAGEID 2498-99).

In the third motion (Doc. 216), Petitioner explains that he relied on the prosecution's statement that he was under no duty to testify; and he was unaware—until recently—that he was under the influence of drugs. The Magistrate Judge determined that Petitioner was not seeking Rule 60(b) relief in this third motion, but was instead attempting to file a second or successive habeas petition. However, the Magistrate Judge concluded that this motion does not constitute a second or successive habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b), and therefore Petitioner was not required to "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive habeas application. *See* 28 U.S.C. § 2244(b)(3)(A). After reviewing his claim, the Magistrate Judge concluded that Petitioner has not provided proof of his actual innocence. (Doc. 217, PAGEID 2526).

In his objections, Petitioner explains that in 2024 he discovered that when he testified at his underlying criminal trial, he was "high out of his mind" as the result of being prescribed pain medication. (Doc. 208, PAGEID 2477). In addition, Petitioner explains that the statements he made at trial were false and he made the statements because he was intoxicated. (Doc. 214, PAGEID 2500). Petitioner provides a medical record showing a prescription from 2016 (Doc. 208-1) but does not explain its relevance

3

to his testimony during the trial, which took place in 2012. Petitioner also claims that contrary to Ohio Revised Code § 2945.371(K), statements he made relating to his competence to stand trial were used against him at trial. (Doc. 214, PAGEID 2500). However, Petitioner does not provide a citation to the record to support this claim and based upon the Court's review of the transcript, his competence was not raised at trial. (See Doc 10-1).

As the Magistrate Judge explained, a motion under Federal Rule of Civil Procedure 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA. *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). However, as the Sixth Circuit has explained:

> not all petitions filed second in time are "second or successive." And when a "numerically second petition" is not "second or successive," it isn't "subject to the restrictions of 28 U.S.C. § 2244(b)." *In re Bowen*, 436 F.3d 699, 705–06 (6th Cir. 2006); *In re Hanna*, 987 F.3d 605, 608 (6th Cir.), cert. denied sub nom. *Hanna v. Shoop*, —— U.S. ——, 142 S. Ct. 246, 211 L.Ed.2d 111 (2021). So there are two kinds of second-filed petitions: numerically second petitions that are not "second or successive" and numerically second petitions that are "second or successive."

*In re Hill*, 81 F.4th 560, 568 (6th Cir. 2023). "A second-in-time petition is not considered second or successive when (1) the second petition challenges a new state-court judgment; (2) the proposed claim would have been unripe at the time of the original petition; or (3) the proposed claim was not decided on the merits because it was dismissed as unexhausted." *In re Gutierrez*, No. 23-2004, 2024 WL 3333932, at *1 (6th Cir. Apr. 11, 2024), *cert. denied sub nom. Gutierrez v. Miniard*, 145 S. Ct. 261, 220 L. Ed. 2d 78 (2024) (citing *In re Hill*, 81 F.4th at 568-69; *In re Coley*, 871 F.3d 455, 457 (6th Cir. 2017)).

4

Here, Petitioner raises a new claim challenging an old judgment that was not raised previously. However, if the predicates for the claim had already occurred at the time that the first petition or motion was filed—even if they were not known to the Petitioner—the subsequent petition is second or successive. *See In re Wogenstahl*, 902 F.3d 621, 627-28 (6th Cir. 2018). Petitioner's claim is based on newly discovered evidence that he was "high out of his mind" on pain medication at the time of trial, but that "claim has always been ripe because the factual predicates for the claim occurred at trial." *In re Hill*, 81 F.4th at 572; *see also Jenkins v. Chambers-Smith*, No. 1:25-CV-00254-JRK, 2025 WL 3274424, at *6 (N.D. Ohio Nov. 25, 2025), report and recommendation adopted, 2026 WL 37550 (N.D. Ohio Jan. 6, 2026) (explaining that because the petitioner's claims are based on the events that occurred at trial--that the petitioner did not comprehend the proceedings, was made to sit in his own urine, and was incompetent to stand trial—those claims challenge the events of the trial and have "always been ripe.") (quoting *In re Hill*, 81 F.4th at 572).

Therefore, Petitioner must meet the gatekeeping provisions of § 2244(b)(2).[2] It is for the Sixth Circuit, not this Court to determine whether Petitioner has satisfied these requirements. *Asadi-Ousley v. Sloan*, No. 1:24-CV-01906-CAB, 2025 WL 2940678, at

---

[2]Section 2244(b)(2) provides that claims not presented in a prior habeas petition shall be dismissed from a second or successive petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

5

*5 (N.D. Ohio Sept. 10, 2025), report and recommendation adopted, 2025 WL 3635765 (N.D. Ohio Dec. 15, 2025).

Based on the foregoing, the Court **OVERRULES** Petitioner's Objections (Docs. 208, 214, 218); and the Magistrate Judge's R&Rs filed on March 31, 2025 and July 3, 2025 (Docs. 203, 213) are **ADOPTED**.  The Court **DECLINES to ADOPT** the Magistrate Judge's September 25, 2025 R&R (Doc. 217) to the extent that it recommends that Petitioner's Motion (Doc. 216) is not a second or successive habeas petition under 28 U.S.C. § 2244(b).  Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Motion for Rule 60 Relief filed on March 7, 2025 (Doc. 202) is **DENIED**;

2. Petitioner's Corrected Motion for Rule 60(b)(6) Relief filed on June 30, 2025 (Doc. 210) is **DENIED**;

3. Petitioner's Motion for Relief from Judgment under Fed.R.Civ.P. 60(b) filed on September 24, 2025 (Doc. 216) is **TRANSFERRED** to the Sixth Circuit Court of Appeals for that court's consideration of whether or not to grant permission to proceed on the claim; and

4. This matter remains **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                             */s/ Michael R. Barrett*
                                             JUDGE MICHAEL R. BARRETT