# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

CHRISTOPHER FOSTER,

    Petitioner,    : Case No. 1:15-cv-00713

 - vs -        District Judge Michael R. Barrett
            Magistrate Judge Michael R. Merz

RONALD ERDOS, WARDEN,
 Southern Ohio Correctional Facility,

           :

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's "Motion to Modify by Rule 60(b)(4)" (ECF No. 225). In it he asks that this Court's Dismissal Order (ECF No. 81) be reversed. In that Order of July 24, 2017, Judge Barrett adopted Reports and Recommendations of the undersigned, granted Respondent's Motion to Dismiss, and ordered that the case be dismissed with prejudice which the Clerk did (ECF No. 82). Foster's appeal was dismissed by the Sixth Circuit for want of prosecution (ECF No. 92).

Fed.R.Civ.P. 60(b)(4) allows a court to grant relief from a prior judgment which is void. Foster's apparent theory is that the judgment is void because Judge Barrett had ordered the State to file an answer under Rule 5 of the Rules Governing § 2254 Cases and it had not done so.

Foster gives no record reference to any order by Judge Barrett for the filing of an answer. Shortly after this Court had the Petition served on the Attorney General as counsel for Respondent, that office filed a Motion to Dismiss asserting Foster's claims were non-cognizable or barred by

1

procedural default (ECF No. 11).  The Magistrate Judge reference of the case was transferred to the undersigned November 9, 2016 (ECF No. 34). Shortly thereafter it was recommended that the Motion to Dismiss be granted (ECF No. 41).  Petitioner objected in part because no answer had been filed (ECF No. 42), but Judge Barrett overruled that objection when he dismissed the case (ECF No. 81).  Petitioner appealed, but his appeal was dismissed for want of prosecution (ECF No. 92).  This Court does not have available the record before the Sixth Circuit, but even if Foster included a claim that the judgment was void because no answer had been filed, that claim was abandoned when he allowed the appeal to be dismissed for want of prosecution for failure to pay the filing fee.

As authority for his Motion, Foster cites *Coney Island Auto Parts Unlimited, Inc. v. Burton, Trustee for Vista-Pro Automotive, LLC.,* 607 U.S. 155 (2026).  Decided in the Term just ended, the case holds that the requirement in Fed.R.Civ.P. 60(c)(1) that Rule 60(b) motions be filed within a reasonable time applies to motions under 60(b)(4) alleging voidness.  The decision was unanimous and abrogated prior case law allowing 60(b)(4) motions to be filed at any time.  This new precedent thus supports denying Foster's instant 60(b)(4) motion; it has now been eight years this coming week that judgment was entered.

**Conclusion**

Based on the foregoing analysis, the  Magistrate Judge respectfully recommends the instant Motion be denied as untimely and without merit.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and

should not be permitted to proceed *in forma pauperis*.

 July 10, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.